AMINTA MARINA MARTÍNEZ, asistida de su esposo, JOSÉ M. ROMAGUERA, demandantes y apelantes, *v.* CENTRAL COLOSO, INC., demandada y apelada.

No. 4799.—*Sometido*: Febrero 4, 1929.—*Resuelto*: Febrero 12, 1929.

*López de Tord y Zayas Pizarro*, abogados de los apelantes; *García Méndez & García Méndez*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Esta moción presenta una situación bastante complicada. Se solicita de nosotros que corrijamos los autos ante esta corte en el sentido de incluir cierto documento que la apelada dice fué debidamente presentado, fuera o no considerado por la Corte de Distrito de Aguadilla. En su esencia esta moción es una solicitud para corregir la transcripción taquigráfica, debidamente aprobada por la corte. Solamente tenemos

ante nos la copia de una resolución firmada por el juez de distrito en 23 de julio de 1928 ordenando que el documento en cuestión se uniera a los autos a los efectos procedentes. No tenemos a la vista certificado alguno al efecto de que la corte inferior tuviera ante sí o considerara el documento en cuestión al hacer la apreciación de la prueba. La transcripción taquigráfica fué aprobada por el juez sentenciador el 16 de octubre de 1928. Por tanto, cualquier prueba, según se admite que este documento es, por insignificante que sea, no puede ser considerada por nosotros hasta tanto que el juez de la corte de distrito actúe sobre la misma. Por tanto, técnicamente la moción sobre corrección de autos no puede prevalecer.

Ésta es, sin embargo, la segunda tentativa de la apelada para ponernos en la misma situación en que estaba la corte inferior y creemos conveniente acelerar su causa. Los hechos fueron más o menos como siguen. La demandada trataba de probar los deberes de uno de sus funcionarios mediante prueba testifical. Aparentemente la idea fué demostrar que los deberes de este funcionario eran limitados. Los anteriores demandantes y aquí apelantes, entonces alegaron que si los deberes de este funcionario eran limitados, tal hecho debía probarse mediante la presentación de los estatutos de la corporación demandada y que los demandantes correrían el riesgo de que tales estatutos les fuesen adversos. Entonces, después de asegurar el testigo que sus deberes estaban en realidad limitados, los demandantes solicitaron de la corte que ordenara a la demandada que radicara ante la corte una copia de sus estatutos. La corte así lo hizo.

Bajo estas circunstancias, la demandada podía creer que tenía derecho, si no el deber, de remitir copia de sus estatutos a la corte en cualquier momento antes de resolverse el pleito. La moción de la apelada está jurada y de ella se desprende que cierto documento fué radicado y nos envía una supuesta copia. Según hemos dicho, no sabemos si el

documento fué en realidad considerado por la corte inferior, pero existe una probabilidad razonable de que lo fuera.

Los apelantes dicen en su oposición que completaron debidamente la transcripción de la evidencia y que nunca fueron notificados de la radicación de dicho documento. Ellos insisten en su oposición razonada en que tienen derecho a aceptar los autos según realmente existen y a presumir que se suprimió prueba que debió haber sido presentada.

Si el documento era el que se ordenó a la demandada que presentara, la proposición de los apelantes conduciría a un estado de hechos artificial o ficticio. Quizá estaríamos considerando el caso sobre una teoría, mientras que la corte lo resolvió sobre otra teoría. Cuando los indicios son que la corte inferior consideró cierta prueba que no está ante nosotros, a esta corte le quedan dos caminos a seguir. Uno es permitir la corrección de los autos. El otro, muy distinto a lo sostenido por los apelantes, sería confirmar la sentencia por el fundamento de que toda la prueba no fué elevada a esta corte.

Los apelantes también dicen que el documento se extravió y que mediante moción ante la Corte de Distrito de Aguadilla se trataba de restablecerlo. Existe algún peso en esta contención, a pesar de que no se llama nuestra atención a ello bajo juramento. La apelada debió aclarar esta situación. Nos sentimos impelidos a ir un poco más lejos.

Si esta moción sobre corrección de autos hubiese llegado a esta corte acompañada de una certificación al efecto de que la corte inferior había en realidad considerado el documento ofrecido, no trataríamos de excluirlo por las razones aducidas por los apelantes. Las objeciones presentadas se dirigen a la admisibilidad e identificación del documento, y el error cometido por la corte, suponiendo que lo hubiera, puede levantarse en un señalamiento de errores adicional.

Por las razones primeramente sentadas *se declara sin lugar la moción sobre corrección de autos,* sin perjuicio del

derecho de la apelada a radicar una nueva moción. De todos modos se dará a los apelantes oportunidad para insistir en su indebida admisión por la corte inferior, una vez que el documento haya sido finalmente elevado a este tribunal.